United States District Court
Southern District of Texas
ENTERED
August 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLANCA DALILA GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5114 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Blanca Dalila Gonzales ("Petitioner"), is a citizen of El Salvador.[1] On October 18, 2010, Petitioner adjusted her status in the United States to a lawful permanent resident alien.[2] On July 10, 2025, Petitioner was taken into immigration custody at the George Bush Intercontinental Houston Airport and was charged with removability as "an alien who has been convicted of two or more sentences for which the aggregate sentences to confinement were five years or more."[3] On January 9, 2026, an immigration judge ordered Petitioner removed from the United States to El Salvador.[4]

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 8 ¶ 24. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2.

[3]Id.

[4]Id.

Petitioner has appealed that decision.[5] Petitioner has not received a bond hearing and remains in immigration detention.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and due process.[7] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6). Respondents argue that Petitioner's detention does not violate due process because she is legally detained under 8 U.S.C. § 1225(b)(2) as an arriving alien who illegally entered the United States.[8] Petitioner has not filed a response.

Although the record is limited, it is clear that Petitioner is not subject to mandatory detention under § 1225(b)(2).[9] Petitioner was granted legal permanent status in 2010.[10] However, Petitioner later became removable due to her criminal history.[11] The Fifth Circuit has made clear that "only § 1226(a) applies to admitted aliens who overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error." Buenrostro-Mendez v. Bondi, 166 F.4th 494, 505 (5th Cir. 2026); see also Sandoval v. Acuna, CIVIL DOCKET NO. 6:25-cv-01467, 2025 WL 3048926, at *5 (W.D. La. Oct. 31, 2025) ("[A lawful permanent resident] is a

---

[5]Id.

[6]Id.

[7]Habeas Petition, Docket Entry No. 1, pp. 9–24 ¶¶ 32–79.

[8]Respondents' MSJ, Docket Entry No. 6, pp. 1–2.

[9]Although Respondents attached an alien file as an exhibit to their Motion for Summary Judgment, the alien file does not belong to Petitioner. Both exhibits belong to Marco Vinicio Iracheta Gomez.

[10]Respondents' MSJ, Docket Entry No. 6, p. 2.

[11]See id. at 2.

paradigmatic example of an admitted alien who is not an 'applicant for admission' but who subsequently became subject to removal under § 1226(a)."). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 138 S. Ct. 830, 847 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Because Petitioner is an admitted alien that later became deportable, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **GRANTED**, and Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **DENIED**. Respondents are **ORDERED** to either release Petitioner or provide her with a bond hearing by September 2, 2026. Respondents are furthered **ORDERED** to submit a status report to the court by September 10, 2026.

**SIGNED** at Houston, Texas, on this 20th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE